UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

(New Haven)

| | |
|---|---|
| Angela Scipio,<br><br>  Plaintiff,<br><br>  vs.<br><br>Trans Union, LLC,<br>a Delaware limited liability company,<br>DSRM National Bank,<br>a foreign company,<br>United Consumer Financial Services Company,<br>a foreign company,<br>WebBank,<br>a foreign corporation, and<br>The United Illuminating Company,<br>a Connecticut company,<br><br>  Defendants. | Case No.:<br><br>**JURY TRIAL DEMAND** |

## **COMPLAINT**

NOW COMES THE PLAINTIFF, ANGELA SCIPIO, BY AND THROUGH COUNSEL, and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of New Haven, New Haven County, Connecticut.

4. Venue is proper in the District of Connecticut.

## PARTIES

5. Plaintiff is a natural person residing in New Haven, New Haven County, Connecticut.

6. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that conducts business in the state of Connecticut;

   b. DSRM National Bank ("DSRM") is a foreign company that conducts business in the state of Connecticut;

   c. United Consumer Financial Services Company ("United Consumer") is a foreign company that conducts business in the state of Connecticut;

   d. Webbank is a foreign corporation that conducts business in the state of Connecticut; and

   e. The United Illuminating Company ("United Illuminating") is a Connecticut company that conducts business in the state of Connecticut.

## GENERAL ALLEGATIONS

7. The following furnishers are incorrectly reporting their trade lines ("Errant Trade Lines") on Ms. Scipio's Trans Union credit file: DSRM; United Consumer; United Illuminating (two trade lines); and Webbank.

8. Each Errant Trade Line fails to report that the account that is the subject of the Errant Trade Line was discharged in Plaintiff's Chapter 7 Bankruptcy.

9. On or about July 1, 2015, Ms. Scipio received a discharge order from the bankruptcy court.

10. On July 24, 2017, Ms. Scipio obtained her credit files and noticed the Errant Trade Lines reporting with an incorrect status of account included in bankruptcy.

11. On or about November 2, 2017, Ms. Scipio submitted a letter to Trans Union disputing the Errant Trade Lines.

12. In this dispute letter, Ms. Scipio explained that the accounts were discharged in bankruptcy, attached the Order of Discharge and asked the credit bureaus to report the Errant Trade Lines as discharged in bankruptcy.

13. Upon information and belief, Trans Union forwarded Ms. Scipio's consumer dispute to DSRM, United Consumer, Webbank and United Illuminating.

14. On or about November 9, 2017, Ms. Scipio received Trans Union's investigation results which showed that the Errant Trade Lines still did not report the discharges.

15. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DSRM

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Trans Union of Ms. Scipio's consumer dispute of the incorrect status on the Errant Trade Line, DSRM negligently failed to conduct a proper investigation of Ms. Scipio's dispute as required by 15 USC 1681s-2(b).

18. DSRM negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to remove correct the status on the Errant Trade Line.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Scipio's consumer credit file with Trans Union to which it is reporting such trade line.

20. As a direct and proximate cause of DSRM's negligent failure to perform its duties under the FCRA, Ms. Scipio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. DSRM is liable to Ms. Scipio by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Ms. Scipio has a private right of action to assert claims against DSRM arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant DSRM for damages, costs, interest, and attorneys' fees.

## COUNT II - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DSRM

23. Plaintiff realleges the above paragraphs as if recited verbatim.

4

24. After being informed by Trans Union that Ms. Scipio disputed the accuracy of the information it was providing, DSRM willfully failed to conduct a proper reinvestigation of Ms. Scipio's dispute, and willfully failed to direct Trans Union to correct the status on the Errant Trade Line.

25. DSRM willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of DSRM's willful failure to perform its duties under the FCRA, Ms. Scipio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. DSRM is liable to Ms. Scipio for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant DSRM for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UNITED CONSUMER

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Trans Union of Ms. Scipio's consumer dispute of the incorrect status on the Errant Trade Lines, United Consumer negligently failed to conduct a proper investigation of Ms. Scipio's dispute as required by 15 USC 1681s-2(b).

30. United Consumer negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to remove correct the status on the Errant Trade Line.

31. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Scipio's consumer credit file with Trans Union to which it is reporting such trade line.

32. As a direct and proximate cause of United Consumer's negligent failure to perform its duties under the FCRA, Ms. Scipio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. United Consumer is liable to Ms. Scipio by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Ms. Scipio has a private right of action to assert claims against United Consumer arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant United Consumer for damages, costs, interest, and attorneys' fees.

## COUNT IV - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UNITED CONSUMER

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Trans Union that Ms. Scipio disputed the accuracy of the information it was providing, United Consumer willfully failed to conduct a proper reinvestigation of Ms. Scipio's dispute, and willfully failed to direct Trans Union to correct the status on the Errant Trade Line.

37. United Consumer willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of United Consumer's willful failure to perform its duties under the FCRA, Ms. Scipio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. United Consumer is liable to Ms. Scipio for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant United Consumer for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Trans Union of Ms. Scipio's consumer dispute of the incorrect status on the Errant Trade Line, Webbank negligently failed to conduct a proper investigation of Ms. Scipio's dispute as required by 15 USC 1681s-2(b).

42. Webbank negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to remove correct the status on the Errant Trade Line.

43. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Scipio's consumer credit file with Trans Union to which it is reporting such trade line.

44. As a direct and proximate cause of Webbank's negligent failure to perform its duties under the FCRA, Ms. Scipio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

45. Webbank is liable to Ms. Scipio by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

46. Ms. Scipio has a private right of action to assert claims against Webbank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Webbank for damages, costs, interest, and attorneys' fees.

## COUNT VI - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WEBBANK

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed by Trans Union that Ms. Scipio disputed the accuracy of the information it was providing, Webbank willfully failed to conduct a proper reinvestigation of Ms. Scipio's dispute, and willfully failed to direct Trans Union to correct the status on the Errant Trade Line.

49. Webbank willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

50. As a direct and proximate cause of Webbank's willful failure to perform its duties under the FCRA, Ms. Scipio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

51. Webbank is liable to Ms. Scipio for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Webbank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UNITED ILLUMINATING

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. After being informed by Trans Union of Ms. Scipio's consumer dispute of the incorrect status on the Errant Trade Lines, United Illuminating negligently failed to conduct a proper investigation of Ms. Scipio's dispute as required by 15 USC 1681s-2(b).

54. United Illuminating negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union to remove correct the status on the Errant Trade Line.

55. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Scipio's consumer credit file with Trans Union to which it is reporting such trade line.

56. As a direct and proximate cause of United Illuminating's negligent failure to perform its duties under the FCRA, Ms. Scipio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

57. United Illuminating is liable to Ms. Scipio by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

58. Ms. Scipio has a private right of action to assert claims against United Illuminating arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant United Illuminating for damages, costs, interest, and attorneys' fees.

## COUNT VIII - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UNITED ILLUMINATING

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. After being informed by Trans Union that Ms. Scipio disputed the accuracy of the information it was providing, United Illuminating willfully failed to conduct a proper reinvestigation of Ms. Scipio's dispute, and willfully failed to direct Trans Union to correct the status on the Errant Trade Line.

61. United Illuminating willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

62. As a direct and proximate cause of United Illuminating's willful failure to perform its duties under the FCRA, Ms. Scipio has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

63. United Illuminating is liable to Ms. Scipio for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant United Illuminating for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX - NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Scipio as that term is defined in 15 USC 1681a.

66. Such reports contained information about Ms. Scipio that was false, misleading, and inaccurate.

67. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Scipio, in violation of 15 USC 1681e(b).

68. After receiving Ms. Scipio's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

69. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Scipio has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

70. Trans Union is liable to Ms. Scipio by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT X - WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

71. Plaintiff realleges the above paragraphs as if recited verbatim.

72. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Scipio as that term is defined in 15 USC 1681a.

73. Such reports contained information about Ms. Scipio that was false, misleading, and inaccurate.

74. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Scipio, in violation of 15 USC 1681e(b).

75. After receiving Ms. Scipio's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

76. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Scipio has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

77. Trans Union is liable to Ms. Scipio by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: December 5, 2017            By: */s/ Louis Gentile*
                                    Louis Gentile
                                    Attorneys for Plaintiff, Angela Scipio
                                    Credit Repair Lawyers of America
                                    966 Silas Deane Hwy. Suite B-7
                                    Wethersfield, CT 06109
                                    (203) 417-2539
                                    Louis.a.gentile@gmail.com
                                    Fax (248) 353-4840
                                    Toll free (888) 293-2882