**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

ANGELA SCIPIO,

                Plaintiff,

  v.

UNITED CONSUMER FINANCIAL
SERVICES CO., UNITED ILLUMINATING
CO., and WEBBANK,

                Defendants.

3:17-CV-2012 (CSH)

**June 8, 2018**

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**HAIGHT,** Senior District Judge:

Before the Court is Plaintiff Angela Scipio's Motion to Amend the Complaint [Doc. 39], which seeks to add Equifax Information Services, LLC ("Equifax") as a defendant to this action, brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Plaintiff's motion is accompanied by a Proposed Second Amended Complaint ("Proposed SAC") [Doc. 39-1]. Plaintiff has already amended her complaint once, as of right, by filing of the presently-operative First Amended Complaint ("FAC") [Doc. 6], and this further amendment requires leave of the court. *See* Fed. R. Civ. P. 15(a).

Plaintiff represents that Defendant United Consumer Financial Services Company ("United Consumer") has consented to Plaintiff's proposed amendment of the pleadings. Mot. to Am. Compl. at 2. The deadline for responsive filings to Plaintiff's Motion has passed, and Defendant United Illuminating Company ("UI"), alone among the present Defendants to this matter, has filed papers in response, in the form of a Limited Objection and Request to Serve Additional Interrogatories

[Doc. 41], to which Plaintiff has made no objection or reply.  This Order evaluates the proposed

amendments and resolves the instant Motion.

## I. STANDARD FOR GRANT OF LEAVE TO AMEND

The leading case on the propriety of amendment of pleadings by leave of court is *Foman v.*

*Davis*, 371 U.S. 178 (1962).  The Supreme Court stated generally that "the purpose of pleading is

to facilitate a proper decision on the merits." 371 U.S. at 182 (citing and quoting *Conley v. Gibson*,

355 U.S. 41, 48 (1957)).  *Foman* then voices this oft-quoted guidance:

> In the absence of any apparent or declared reason – such as undue
> delay, bad faith or dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously allowed, undue
> prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc. – the leave sought [to amend]
> should, as the rules require, be "freely given."

371 U.S. at 182.

In the context of a motion for leave to amend the complaint, the standard for judging the

futility of a proposed amendment to the pleadings is that "[a]n amendment is considered 'futile' if

the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on

some other basis." *Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 249 (D. Conn. Dec. 1, 2014).  *See also*

*S.S. Silberblatt, Inc. v. E. Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *Freeman v. Marine*

*Midland Bank-N.Y.,* 494 F.2d 1334, 1338 (2d Cir. 1974); *Wilson-Richardson v. Regional Transit*

*Serv., Inc.*, 948 F. Supp.2d 300, 306 (W.D.N.Y. 2013) ("I conclude that no amendment of the

complaint would be sufficient to salvage claims which are undisputedly unexhausted and untimely,

and/or over which the Court lacks jurisdiction").  "An amendment is not futile if the claim it seeks

to assert is 'colorable and not frivolous.'"  *Zoll v. Jordache Enters. Inc.,* No. 01 CIV. 1339 (CSH),

2002 WL 485733, at *4 (S.D.N.Y. Mar. 29, 2002) (citing *Sumitomo Elec. Research Triangle, Inc.*

*v. Corning Glass Works,* 109 F.R.D. 627, 628 (S.D.N.Y. 1986)).

## II. ANALYSIS

### A. Propriety of Proposed Amendment

### 1. Futility

The gravamen of Plaintiff's FAC, brought under the FCRA, is that certain credit accounts which were discharged in 2015, by Plaintiff's Chapter 7 bankruptcy, continue to appear, erroneously, on her Trans Union credit file. *See* FAC ¶¶ 7-11. Terminated defendant Trans Union, like proposed defendant Equifax, is a consumer reporting agency, as defined by the FCRA, 15 U.S.C. § 1681a(f) (these bureaus are referred to, more often and colloquially, as "credit reporting agencies").[1] Plaintiff alleges that Defendants United Consumer, UI, and Webbank,[2] "are incorrectly reporting their trade lines [] on Ms. Scipio's Trans Union credit file." *Id.* ¶ 7. The Proposed SAC seeks to add Equifax as party defendant, based upon the new, parallel allegation that Defendant UI "is incorrectly reporting its trade lines on Ms. Scipio's Equifax credit file." Proposed SAC ¶ 7.

The Proposed SAC expands Plaintiff's claims against UI, made at Counts VII and VIII. Proposed SAC ¶¶ 55-63. Where the FAC alleges certain negligent and willful violations by UI in its investigation and reinvestigation of Plaintiff's consumer dispute regarding her Trans Union credit

---

[1] Plaintiff and Trans Union filed a Stipulation of Dismissal [Doc. 44] on May 29, 2018, and Trans Union is no longer party to this case. This order will make reference to Trans Union, in that claims against remaining Defendants rely, in part, on Plaintiff's Trans Union credit file. I will also make use of Trans Union as an analogue to proposed defendant Equifax. However, none of these references should be taken to implicate any further interest of Trans Union in this matter.

[2] The FAC and Proposed SAC also allege that Valero Energy Corporation, d/b/a DSRM National Bank, incorrectly reported its trade line on Plaintiff's Trans Union credit file. Plaintiff voluntarily dismissed all claims against Defendant Valero/DSRM on May 20, 2018, and Valero/DSRM is no longer party to this action. *See* Notice of Voluntary Dismissal, Doc. 43.

file, the Proposed SAC makes those same allegations of negligent and willful violations regarding

UI's investigations and reinvestigations of *two* consumer disputes, initiated by Plaintiff – one

regarding her Trans Union credit file and one regarding her Equifax credit file. *See id.*; FAC ¶¶ 53-

61.

"The Fair Credit Reporting Act [] regulates credit reporting procedures to ensure

theconfidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman*

*v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012).

> The FCRA creates a private right of action against credit reporting
> agencies for the negligent, *see* 15 U.S.C. § 1681o, or willful, *see id.*
> § 1681n, violation of any duty imposed under the statute. For any
> such violation, the credit reporting agency is liable to the consumer
> for "actual damages" sustained, the costs of the action together with
> reasonable attorney's fees and, in the case of willful noncompliance,
> punitive damages.

*Casella v. Equifax Credit Info. Servs.,* 56 F.3d 469, 473 (2d Cir. 1995) (citation omitted). "Under the

statutory scheme, a credit reporting agency is not strictly liable for inaccuracies in a credit report,"

*Podell v. Citicorp Diners Club, Inc.*, 914 F. Supp. 1025, 1032 (S.D.N.Y. 1996), *aff'd*, 112 F.3d 98

(2d Cir. 1997), and allegations of negligence and/or willfulness are therefore necessary to state a

claim for relief.

The Proposed SAC alleges that Equifax negligently and willfully violated two provisions of

the FCRA. Plaintiff alleges that Equifax, first, "failed to maintain and/or follow reasonable

procedures to assure maximum possible accuracy of the information it reported to one or more third

parties . . . in violation of 15 USC 1681e(b)," and, second, "failed to conduct a reasonable

reinvestigation as required by 15 U.S.C. 1681i." Proposed SAC, ¶¶ 67-68, 74-75. Count XI of the

Proposed SAC makes these claims on a theory of negligence, under § 1681o, and Count XII, which

alleges Equifax's willful violation of the FCRA, relies upon § 1681n.

In addition to alleging negligence and/or willfulness, a plaintiff making a claim for violation of 15 U.S.C. § 1681e(b)[3] must make factual allegations as to the following elements: (1) that the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its credit report; (2) that the consumer reporting agency reported inaccurate information about the plaintiff; (3) that the plaintiff was injured; and (4) that the consumer reporting agency's negligence proximately caused the plaintiff's injury. *Whelan v. Trans Union Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994). Plaintiff has plausibly pleaded each of these elements, as to Equifax's alleged negligent and willful violation of § 1681e(b).

To state a claim for negligent and/or willful violation of 15 U.S.C. § 1681i,[4] a plaintiff must, *inter alia*, allege facts establishing (1) that the plaintiff notified the consumer reporting agency of the disputed information on her report, *Gaft v. Mitsubishi Motor Credit of Am.*, No. 07-CV-527 NG/LB, 2009 WL 3148764, at *9 (E.D.N.Y. Sept. 29, 2009) (citing *Caltabiano v. BSB Bank & Trust Co.*, 387 F.Supp.2d 135, 140 (E.D.N.Y.2005)); and (2) that the disputed information was, in fact, inaccurate, *Jones v. Experian Info. Sols., Inc.*, 982 F. Supp. 2d 268, 272–73 (S.D.N.Y. 2013). *See also Agu v. Rhea*, No. 09-CV-4732 JS AKT, 2010 WL 5186839, at *6 (E.D.N.Y. Dec. 15, 2010). Upon review of the Proposed SAC, I find that Plaintiff has made plausible and specific factual allegations as to

---

[3] That subsection provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

[4] That section provides, in relevant part, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A).

each of these elements, and as to Equifax's alleged negligence and willfulness, and therefore find that Plaintiff has stated a claim upon which relief may be granted. Because Plaintiff has stated colorable claims against Equifax, and I do not find her proposed amendment to be frivolous or futile.

**2. Undue Delay/Dilatory Motive**

The effective Scheduling Order [Doc. 32] in this matter, set pursuant to the Parties' Report of Rule 26(f) Planning Meeting [Doc. 31], set a March 30, 2018 deadline for Plaintiff motions to amend the pleadings and/or join additional parties. Plaintiff's Instant Motion to Amend was filed before the expiration of that deadline, and I find no undue delay or dilatory motive as to this filing.

**3. Undue Prejudice**

As to the question of prejudice, Plaintiff represents that proposed defendant "Equifax will not be prejudiced by Plaintiff amending the complaint, as this matter is still in its early stages." Pl. Br. at 4. She further represents that "no current defendant will be prejudiced by Plaintiff amending the complaint," because "[t]he proposed Second Amended Complaint only adds allegations and claims against Equifax and does not affect any claims made by Plaintiff against other defendant." *Id.*

The latter assertion, as to prejudice of current defendants, is not entirely accurate – as noted above, the Proposed SAC *does* add allegations against current Defendant UI, namely, that UI negligently and willfully violated the FCRA in its investigation and reinvestigation of Plaintiff's consumer dispute regarding her *Equifax* credit file. *See* Proposed SAC ¶¶ 55-57, 62-63. However, given the early stage of this proceeding, and Defendant UI's request for leave to serve additional interrogatories in response to the additional allegations (discussed further below), the potential prejudice to UI by this addition is not "undue," and does not rise to the level which would prevent granting leave to file an otherwise permissible and timely amendment.

**4. Propriety of Joinder**

Finally, Plaintiff's allegations and claims against Equifax are substantially similar, in fact and in law, to the claims made against Defendants in the presently operative FAC. Plaintiff's instant Motion therefore satisfies the requirement of Federal Rule of Civil Procedure 20(a)(2), that:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Resolution of all of these disputes in a single action will further the interests of efficiency and finality which undergird the Federal Rules, and the operation of these federal courts.

Accordingly, having considered the proposed amendments and joinder, I GRANT Plaintiff leave to file the Proposed SAC.

**B. Defendant UI's Request to Serve Additional Interrogatories**

Defendant UI has requested leave of the Court to file up to 25 interrogatories on Plaintiff, in addition to the seven interrogatories already filed, should this Court grant leave for Plaintiff to file the Proposed SAC. *See* Def. UI's Ltd. Obj., Doc. 41, ¶ 3. Plaintiff has not filed any notice of opposition to this request.

Federal Rule of Civil Procedure 33 provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories . . . . Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Rule 26(b)(1) governs the scope of discovery, and stipulates that, "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that

is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(2), regarding limitations on the frequency and extent of discovery, provides, in relevant part, that "[b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories."

UI represents that it served seven interrogatories on Plaintiff, in contemplation of defense against the allegations and claims made by the FAC. Def. UI's Ltd. Obj. ¶ 2. Plaintiff's amended pleading adds additional allegations against UI, in relation to Plaintiff's Equifax credit file, and UI argues that these allegations amount to "essentially . . . an additional cause of action against UI," and that UI "thereby may be unduly prejudiced due to the number limitation on interrogatories since UI will need to serve additional Interrogatories (although at this time, Defendant's Counsel is unsure of the exact number of additional interrogatories that would be needed)." *Id.* ¶¶ 1-2.

Considering these circumstances, and absent any objection from Plaintiff, I find that UI's request is proportional and reasonable, and therefore GRANT Defendant UI leave to serve up to 25 interrogatories on Plaintiff, *in addition* to the seven interrogatories already served.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff leave to amend the Complaint. The clerk is directed to docket Plaintiff's Second Amended Complaint [Doc. 129-2] forthwith. The Court likewise GRANTS Defendant UI's request for leave to serve additional interrogatories on Plaintiff, up to the maximum number of 25, *not* including the seven interrogatories already served.

It is SO ORDERED.

Dated: New Haven, Connecticut
       June 8, 2018

/s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge